DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Adam Houser, appeals from the judgment in the Summit County Court of Common Pleas that denied his petition for post-conviction relief. We affirm.
 i. {¶ 2} On February 23, 2001, the Summit County Grand Jury indicted Mr. Houser on burglary, in violation of R.C. 2911.12(A)(4). Subsequently, a supplemental indictment was filed, wherein Mr. Houser was indicted on two additional counts: (1) burglary, in violation of R.C.2911.12(A)(1); and (2) burglary, in violation of R.C. 2911.12(A)(2). Mr. Houser pled guilty to the burglary charge, in violation of R.C.2911.12(A)(1), as contained in the supplemental indictment, and the remaining two charges were dismissed. The trial court sentenced him accordingly. Mr. Houser did not file a direct appeal. Instead, Mr. Houser petitioned for post-conviction relief. In response, the State moved to dismiss Mr. Houser's petition for post-conviction relief instanter. The trial court denied Mr. Houser's petition for post-conviction relief. Mr. Houser timely appeals, and raises five assignments of error. As assignments of error three and four concern similar issues of law and fact, we will address them together.
 ii. a. First Assignment of Error
"[The] court abused its discretion in overruling [Mr. Houser's] motion to strike [the state's] motion to dismiss[.]"
 {¶ 3} In his first assignment of error, Mr. Houser contends that the State filed its motion to dismiss instanter outside the time parameters outlined in R.C. 2953.21(D). Based on Mr. Houser's contention that the State's motion was untimely, he further contends that the trial court abused its discretion when it denied his motion to strike the State's motion to dismiss instanter, as the State failed to demonstrate "good cause" for its untimely filing in accordance with R.C. 2953.21(D). For the reasons that follow, we overrule this assignment of error.
 {¶ 4} R.C. 2953.21(D) provides: "Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion." If the State chooses to respond to a petition for post-conviction relief, it must do so before the statutorily prescribed deadline, or within the deadline set by the court. State v. Wiles
(1998), 126 Ohio App.3d 71, 77.
 {¶ 5} In this case, the State did not file its response within ten days after Mr. Houser docketed his petition for post-conviction relief; however, the State did move to file its motion to dismiss instanter. Upon a review of this motion, we find that the State failed to demonstrate "good cause" for its untimely response. Consequently, we conclude that the trial court should have granted Mr. Houser's motion to strike.
 {¶ 6} Despite our conclusion, the trial court's error was harmless. Crim.R. 52(A) defines harmless error as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights [and] shall be disregarded." The appellant bears the burden to demonstrate that the alleged error affected his substantial rights. State v. Biehl (Apr. 14, 1999), 9th Dist. No. 19054. It is well-settled that R.C. 2953.21(C) mandates the trial court to sua sponte analyze a petition for post-conviction relief regardless of whether the State responds to such petition. See State ex rel. Manning v. Montgomery (1988), 39 Ohio St.3d 140,140; State v. Darden (1989), 64 Ohio App.3d 691, 693. Furthermore, the trial court is not required to consider a State's response before ruling on the petition. State v. Hansbro, 2nd Dist. No. 2001-CA-88, 2002-Ohio-2922, at ¶ 11.
 {¶ 7} In this case, Mr. Houser has failed to demonstrate that his substantial rights have been affected by the trial court's acceptance of the State's motion to dismiss instanter. Furthermore, the record reflects that the trial court thoroughly considered Mr. Houser's petition for post-conviction relief and fully addressed the arguments raised in his petition notwithstanding the State's response. Therefore, any error on the part of the trial court regarding its acceptance of the State's motion to dismiss instanter was harmless, and Mr. Houser's first assignment of error is overruled.
 B. Second Assignment of Error
"[The] court abused its discretion in failing to make findings of fact and conclusions of law on each claim in the petition and failing to give specific reasons why [mr. houser's] affidavits lacked credibility[.]"
 {¶ 8} In his second assignment of error, Mr. Houser alleges that the trial court abused its discretion by failing to state its findings of fact and conclusions of law. Mr. Houser's allegation lacks merit.
 {¶ 9} Pursuant to R.C. 2953.21(C), a trial court that dismisses a petition for post-conviction relief without a hearing must make findings of fact and conclusions of law. These findings and conclusions need only "apprise the petitioner of the reasons for the trial court's judgment [in order] to permit meaningful appellate review." State ex rel. Konoff v.Moon (1997), 79 Ohio St.3d 211, 212.
 {¶ 10} In the instant case, Mr. Houser asserts two bases to support his petition for post-conviction relief: (1) he was denied effective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution; and (2) he entered an Alford plea and the trial court failed to inquire as to his claim of innocence. Upon a review of the judgment entry issued by the trial court, we find that the trial court addressed each of the bases asserted by Mr. Houser in a manner sufficient to apprise this court of the reasons for its decision. See id. Accordingly, the trial court complied with the requirements of R.C.2953.21(C). Consequently, Mr. Houser's second assignment of error is overruled.
 C. Third Assignment of Error
"[The] trial court erred as a matter of law and abused its discretion in concluding that there was no actual conflict of interest that rendered ineffective assistance of counsel and disqualification of the prosecutor[.]"
 Fourth Assignment of Error
"[The] trial court erred as a matter of law and abused its discretion in failing to find that counsel was ineffective in subjecting [Mr. Houser] to a coerced stipulated polygraph that caused [Mr. Houser] to receive 3 years imprisonment that he otherwise would not have received but for counsel's erroneous advice[.]"
 {¶ 11} In his third assignment of error, Mr. Houser asserts that the trial court erroneously denied his petition for post-conviction relief without holding an evidentiary hearing. In this assignment of error, Mr. Houser claims that he was denied effective assistance of counsel because his trial counsel had a conflict of interest. In his fourth assignment of error, Mr. Houser essentially avers that he was denied effective assistance of counsel, and bases this averment on his contention that his trial counsel allegedly coerced him to take a polygraph test. We disagree.
 {¶ 12} An appellate court reviews a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard. State v. Watson (1998), 126 Ohio App.3d 316, 324, citing State v. Allen (Sept. 23, 1994), 11th Dist. No. 93-L-123. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 13} R.C. 2953.21 states in relevant part:
"(A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
 {¶ 14} When a petitioner asserts in his petition for post-conviction relief that his trial counsel was ineffective, he must submit evidentiary documents that contain sufficiently operative facts to support this assertion and that demonstrate that his defense was prejudiced by counsel's ineffectiveness. State v. Jackson (1980),64 Ohio St.2d 107, syllabus.
 {¶ 15} A hearing is not automatically required for every petition for post-conviction relief. See State v. Yauger (Oct. 6, 1999), 9th Dist. No. 19392, citing Jackson, 64 Ohio St.2d at 110. The trial court must first find substantive grounds for relief before a hearing is granted. Jackson, 64 Ohio St.2d at 110. See, also, R.C. 2953.21(C); Statev. Calhoun (1999), 86 Ohio St.3d 279, 283, quoting Jackson,64 Ohio St.2d 107 at syllabus (stating "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operativefacts to demonstrate the lack of competent counsel and that the defensewas prejudiced by counsel's ineffectiveness" before a hearing will be granted (Emphasis omitted.)); State v. Kapper (1983), 5 Ohio St.3d 36, 38
(stating "a petition for post-conviction is subject to dismissal without a hearing when the record * * * indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises"). "General conclusory allegations as to counsel's ineffectiveness or broad assertions * * * are inadequate as a matter of law to warrant an evidentiary hearing or support a finding of post[-]conviction relief."State v. Guess (Oct. 8, 1997), 9th Dist. No. 18252, citing Akron v.Darulis (Mar. 2, 1994), 9th Dist. No. 16420. An appellate court reviews a trial court's decision denying a petition for post-conviction relief without a hearing under an abuse of discretion standard. Watson,126 Ohio App.3d at 324; Allen, supra.
 {¶ 16} The United States Supreme Court enunciated a two-part test to determine whether counsel's assistance was ineffective as to justify a reversal of sentence or conviction. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674. "First, the defendant must show that counsel's performance was deficient." Id. To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 17} An appellant establishes a claim of ineffective assistance of counsel when he demonstrates that an "actual" conflict of interest adversely affected his counsel's performance. State v. Keith,79 Ohio St.3d 514, 535, 1997-Ohio-367, citing Cuyler v. Sullivan (1980),446 U.S. 335, 348, 64 L.Ed.2d 333. "A reviewing court cannot presume that the mere possibility of a conflict of interest resulted in ineffective assistance of counsel." State v. Sanchez (May 4, 2000), 8th Dist. No. 76027. The appellant must demonstrate something more than a "possibility of a conflict of interest[.]" State v. Manross (1988), 40 Ohio St.3d 180,182.
 {¶ 18} In the present case, the record indicates Mr. Houser was not entitled to either post-conviction relief or a hearing. Initially, Mr. Houser submitted only his self-serving affidavit to support his ineffective assistance of counsel claim and the invalidity of his plea claim. See Kapper, 5 Ohio St.3d at 38 (declaring that a defendant's own self-serving affidavits are inadequate to refute the record which shows that his plea was voluntary); State v. Moore (1994), 99 Ohio App.3d 748,754 (stating the trial court may disregard self-serving affidavits from the defendant or his family members). Subsequently, Mr. Houser supplemented the record with (1) a statement made by Richard Castalucci, who is a friend of Mr. Houser, (2) a statement made by James Kendall, Mr. Houser's ex-step-father, (3) his trial counsel's answer in a separate lawsuit, (4) his telephone record on the date of the incident, and (5) his case file as compiled by his trial counsel. Upon a review of these additional materials in conjunction with Mr. Houser's affidavit, we cannot say that Mr. Houser has submitted sufficiently operative facts to support his assertion that his trial counsel had a conflict of interest or coerced Mr. Houser to take a polygraph test. Specifically, Mr. Houser has solely alleged his counsel's ineffectiveness in his self-serving affidavit. The supplemental evidence does not demonstrate his counsel's ineffectiveness, nor does it support the allegations contained in Mr. Houser's self-serving affidavit. Thus, he has failed to demonstrate that his counsel was ineffective. Furthermore, we find that Mr. Houser has not demonstrated that he was prejudiced by his trial counsel's actions. As Mr. Houser did not satisfy his initial burden, the trial court did not err in denying him a hearing. Accordingly, we cannot say that the trial court abused its discretion in denying Mr. Houser's petition for post-conviction relief without a hearing. See Watson,126 Ohio App.3d at 324; Allen, supra. Mr. Houser's third and fourth assignments of error are overruled.
 D. Fifth Assignment of Error
"[The] trial court erred as a matter of law and abused its discretion by accepting [mr. houser's] guilty plea which was involuntary and should be vacated due to [mr. houser's] in-court statement of innocence[.]"
 {¶ 19} In his fifth assignment of error, Mr. Houser contends that the trial court should have granted his petition for post-conviction relief because the trial court failed to make the necessary inquiry when he entered his "Alford-type" plea, pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, 27 L.Ed.2d 162, at the proceedings. Mr. Houser's contention lacks merit.
 {¶ 20} We find that Mr. Houser's assignment of error is barred by the doctrine of res judicata. As a petition for post-conviction relief is quasi-civil, any claim that was or could have been raised at trial or on appeal is barred by the doctrine of res judicata. The Supreme Court of Ohio has stated:
"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis omitted.) State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. See R.C. 2953.23(A).
 {¶ 21} A petition for post-conviction relief may be dismissed without a hearing, based upon the doctrine of res judicata, when the petitioner could have raised the issues in his petition at trial or on direct appeal without referring to evidence outside the scope of the record. See State v. Mullins (1995), 104 Ohio App.3d 684, 687.
 {¶ 22} In the instant case, Mr. Houser contends that he entered an "Alford-type" plea, and that the trial court failed to make the necessary inquiry to determine whether his plea was entered knowingly and intelligently. While a trial court is required to make such an inquiry, an appellate court can ascertain a trial court's compliance with this duty by reviewing the transcript of the plea colloquy. See State v.Shorter (Oct. 2, 1998), 2nd Dist. No. 16983; State v. Combs (Apr. 3, 1998), 2nd Dist. No. 97-CA-44. See, also, Alford, 400 U.S. at 38, fn.10 (requiring the trial court to inquire as to whether plea is the "product of free and intelligent choice" when the defendant enters plea of guilt coupled with claims of innocence). Accordingly, an appellate court need not refer to evidence outside the scope of the record. See Mullins,104 Ohio App.3d at 687. Therefore, as this error could have been raised in a direct appeal, Mr. Houser should have pursued a direct appeal from his conviction and sentencing, and raised the trial court's failure to make the necessary inquiry regarding his plea. See Shorter, supra; Combs,
supra. Consequently, Mr. Houser's fifth assignment of error is barred by the doctrine of res judicata, and, accordingly, is overruled.
 III. {¶ 23} Mr. Houser's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur.