{¶ 1} John Zakrzewski appeals his July 10, 2001 judgment of conviction and sentence from the Lucas County Court of Common Pleas as well as the judgment granting the state's motion for extension of time. After due consideration, we affirm.
 Background {¶ 2} On August 16, 2000, John Zakrzewski was indicted on three counts of pandering sexually oriented matter involving a minor — a violation of R.C. 2907.322(A)(1), a felony of the second degree; one count of gross sexual imposition — a violation of R.C. 2907.05(A)(4), a felony of the third degree; and two counts of rape — a violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Ultimately, he entered no contest pleas to one count of pandering sexually oriented matter involving a minor, one count of gross sexual imposition, and one count of rape. His pleas were accepted, and he was found guilty by the trial court. On August 7, 2001, Zakrzewski was sentenced to four years for pandering, one year for gross sexual imposition, and eight years for rape, with the terms running consecutively for a total of thirteen years in prison. The remaining counts against him were dismissed. Zakrzewski's appeal filed May 31, 2002, was dismissed as untimely since it was not filed by September 6, 2001, the time fixed by App.R. 3 and 4.
 {¶ 3} On November 6, 2002, Zakrzewski filed a motion with the trial court for compulsory disclosure of the transcript and presentence investigation report along with all discovery and information contained in the record of case number CR00-2389. Zakrzewski filed a postconviction petition to vacate his sentence under R.C. 2953.21 on December 3, 2002, coupled with a motion for appointed counsel. His postconviction petition alleged ineffective assistance of counsel, violation of speedy trial rights, violation of the Fifth Amendment right to remain silent and to have an attorney present, inconsistent sentencing, and unconstitutionality of R.C. 2950. Zakrzewski also requested an evidentiary hearing on his postconviction petition under R.C.2953.21(E).
 {¶ 4} In January 2003, Zakrzewski filed a motion for summary judgment on the postconviction petition. Realizing that time had expired to respond, the state filed a motion for an extension of time instanter to file its reply to the petition, which the trial court granted on January 30, 2003. Learning of the extension, Zakrzewski filed a "motion to dismiss the state's motion for extension of time instanter" on February 4, 2003. In addition, on February 10, 2003, Zakrzewski filed a motion to correct the record stating that the defendant was not the party who requested a continuance on December 10, 2002. The state filed its own motion for summary judgment on February 24, 2003.
 {¶ 5} On June 26, 2003, the trial court denied all of Zakrzewski's motions and filed conclusions of law, stating that Zakrzewski did not present evidence to satisfy the requirements of R.C. 2953.21 and that the constitutional claims were barred by res judicata because the issues could have been raised on direct appeal. Finally, the trial court denied Zakrzewski's remaining motions for compulsory disclosure, appointment of counsel, summary judgment, dismissal of state's motion for extension of time, and correction of the record as moot. Zakrzewski appeals all rulings, pro se.
 Assignments of Error as stated by Zakrzewski {¶ 6} "I. Sixth Amendment Right to a speedy trial was denied by trial court.
 {¶ 7} "II. Ineffective assistance of counsel as guaranteed by the Sixth Amendment of the U.S. Constitution.
 {¶ 8} "III. Fifth Amendment rights were denied as guaranteed by the U.S. Constitution.
 {¶ 9} "IV. Right to due process as guaranteed by theFourteenth Amendment of the U.S. Constitution.
 {¶ 10} "V. Due process rights as guaranteed by theFourteenth Amendment of the U.S. Constitution was denied by the trial court when Prosecution filed its motion for extension of time.
 {¶ 11} "VI. Due process rights as guaranteed by theFourteenth Amendment of the U.S. Constitution were denied by appointed counsel.
 {¶ 12} "VII. Due process rights as guaranteed by theFourteenth Amendment of the U.S. Constitution by Sixth District Court of Appeals.
 {¶ 13} "VIII. Abuse of discretion in granting Prosecution's motions on January 30, 2003.
 {¶ 14} "IX. Prosecution's response was untimely.
 {¶ 15} "X.O.R.C. 2950 is unconstitutional.
 {¶ 16} "XI. Due process rights as guaranteed by theFourteenth Amendment of the U.S. Constitution were denied under O.R.C. 2317.39 and 2947.06.
 {¶ 17} "XII. Inconsistent and inappropriate sentences.
 {¶ 18} "XIII. Classification as "Sexual Predator" against the manifest weight of the evidence.
 {¶ 19} "XIV. Right of Equal Protection Clause of theFourteenth Amendment of the U.S. Constitution were denied.
 {¶ 20} "XV. Abuse of discretion by the trial court in not holding a hearing on petition to vacate or set aside sentence.
 {¶ 21} "XVI. Abuse of discretion by trial court in denying motions for compulsory disclosure and to correct the record."
 {¶ 22} Zakrzewski's appeal has four parts. Assignments of Error Nos. I through IV, VI, and X through XV focus on the postconviction petition, while Assignments of Error Nos. V, VIII, and IX relate to the state's extension of time. Assignment of Error No. XVI discusses the denials of his motions for disclosure and correction of the record. Finally, Assignment of Error No. VII is a motion for reconsideration. The assignments of error will be addressed in the above order.
 Postconviction Assignments of Error: I-IV, VI, and X-XV {¶ 23} Zakrzewski's first through fourth, sixth, and tenth through fifteenth assignments of error relate to the denial of his postconviction petition. When no direct appeal is filed, a petition for postconviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing that appeal." R.C. 2953.21(A)(2). Because Zakrzewski was sentenced on August 7, 2001, any appeal was due by September 6, 2001. Since no direct appeal was taken, Zakrzewski was required to file his postconviction petition by March 5, 2002 to fall within the 180 day window allotted by statute. R.C.2953.21(A)(2). Zakrzewski filed his postconviction petition on December 3, 2002, well after the deadline.
 {¶ 24} There is, however, a very narrow exception to R.C.2953.21. Under R.C. 2953.23(A)(1), a trial court may entertain an untimely petition if:
 {¶ 25} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 26} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 27} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 28} None of these situations occurred in this case.
 {¶ 29} Zakrzewski did not provide evidence to show that he was prevented from discovering facts pertinent to his claim for relief. No new federal or state right applies to his situation. He did not attach any affidavits to his petition. The petition itself consisted of only blanket allegations that provided no evidence sufficient to establish any substantive grounds for relief.
 {¶ 30} His fifteenth assignment of error alleges that the trial court erred because it did not hold a hearing on the merits. When a petition for postconviction relief is filed untimely and does not meet the exception for delay, the court lacks jurisdiction to entertain the merits of the petition or hold a hearing. State v. Halliwell (1999), 134 Ohio App.3d 730,734; State v. Bird (2000), 138 Ohio App.3d 400, 408. Furthermore, "[i]t is well established that postconviction relief petitions are subject to dismissal without a hearing if the petition and the supporting evidentiary documents do not contain sufficient operative facts which, if true, would establish substantive grounds for relief." State v. Apanovitch (1996),113 Ohio App.3d 591, 597, citing State v. Sowell (1991),73 Ohio App.3d 672, 682.
 {¶ 31} Based on the foregoing, we find that Zakrzewski's petition for postconviction relief was untimely and did not meet the exception under R.C. 2953.23. Consequently, the trial court was prevented from considering the merits of his petition, which included holding a hearing. Accordingly, we find Zakrzewksi's first through fourth, sixth, and tenth through fifteenth assignments of error not well-taken.
 Motion Instanter Assignments of Error: V, VIII, and IX {¶ 32} Zakrzewski's fifth, eighth, and ninth assignments of error allege that the state's motion for summary judgment was late, and the trial court abused its discretion and violated his due process rights when it granted the state's motion for extension of time instanter.
 {¶ 33} R.C. 2953.21(D) states, "Within ten days after the docketing of the petitions, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion." Time limits are not mandatory. State v. Halliwell (1999), 134 Ohio App.3d 730, 736, citing State v. Sklenar (1991), 71 Ohio App.3d 444, 446. In this case, the state did not file its motion within ten days but filed a motion for extension of time instanter. The trial court exercised its discretion and granted the state's motion on good cause shown and ordered that the state file its motion for summary judgment by February 27, 2003. The state complied with the trial court's order. Therefore, the court could properly consider the state's response.
 {¶ 34} Even if the prosecution had not shown good cause for its delay, Zakrzewski did not offer any evidence to show that substantial rights were affected by the trial court's acceptance of the state's motion. See State v. Houser, 9th Dist. No. 21555, 2003-Ohio-6811, at ¶ 5-7; State v. Halliwell (1999),134 Ohio App.3d 730, 736-737. Thus, any error by the trial court would be harmless error. Id. Furthermore, since Zakrzewski's own petition for postconviction relief was untimely, any consideration of the state's motion is harmless error because the trial court was barred by statute from addressing the merits of the petition. State v. Halliwell, supra, at 734, 736-737. Therefore, Zakrzewski's fifth, eighth, and ninth assignments of error are found not well-taken.
 Compulsory Disclosure and Motion to Correct the Record Assignment of Error: XVI {¶ 35} Zakrzewski's sixteenth assignment of error argues the court abused its discretion by denying a motion for compulsory disclosure and by denying the motion to correct the record.
 {¶ 36} Zakrzewski had asked for the transcript, presentence investigation report, any evaluation reports, all discovery, and any written letters or other information used at defendant's sentencing. He relied on R.C. 149.43. Trial preparation records, however, are not "public records." R.C. 149.43(A)(1)(g). The person "responsible for the public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person * * * finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." R.C. 149.43(B)(4). Zakrzewski, however, did not present any evidence of a justiciable claim since the claims are barred by time.
 {¶ 37} Work product documents continue to be exempt from disclosure until a defendant has fully exhausted all remedies.State ex rel. WLWT-TV5 v. Leis (1997), 77 Ohio St.3d 357, 359. The public records statute, therefore, cannot be used to acquire documents to support a petition for postconviction relief. Stateex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, at paragraph six of the syllabus; State ex rel. Larson v. ClevelandPub. Safety Director (1996), 74 Ohio St.3d 464, 465. Since Zakrzewski was requesting the documents specifically for his postconviction proceeding, the public records doctrine does not apply, and his claim regarding compulsory disclosure under R.C.149.43 is without merit.
 {¶ 38} With respect to the request that the trial court correct the record to properly reflect that the state was the party requesting a continuance on December 10, 2002, there is no evidence to support that assertion. Therefore, the trial court did not err by denying Zakrzewski's motion to correct the record. Zakrzewski's sixteenth assignment of error is not well-taken.
 Motion for Reconsideration Assignment of Error: VII {¶ 39} Though not styled as such, Zakrzewski's seventh assignment of error is a motion for reconsideration. This assignment alleges that this Court, when dismissing the previous appeal as untimely, violated Zakrzewski's "due process rights." App. R. 26(A) states an application for reconsideration must be filed within ten days after the announcement of the court's decision. We dismissed Zakrzewski's direct appeal on June 14, 2002. Any motion for reconsideration was required to be filed by June 24, 2002. As that did not occur, we do not have jurisdiction to hear the motion for reconsideration, and the seventh assignment of error is thus not well-taken.
 {¶ 40} Upon review, we find that the trial court properly denied Zakrzewski's petition for postconviction relief as well as all of his other motions. Thus, all of appellant's assignments of error are not well-taken, and the judgment affirming his conviction and sentence from the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to the appellant.
Judgment Affirmed.
Handwork, P.J., Lanzinger, J., Singer, J., concur.