DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Adam Houser, appeals from the decision of the Summit County Court of Common Pleas which granted summary judgment in favor of appellee, Donald Pond. This Court affirms.
 I. {¶ 2} Appellee represented appellant as his defense attorney after appellant was charged with burglary. The charges against appellant were ultimately increased, and appellant faced up to eight years in prison. The State offered appellant three years incarceration in exchange for his guilty plea, and appellee advised appellant to accept the three-year deal. Appellant decided to accept the plea agreement.
 {¶ 3} Appellant pled guilty to the charges. The trial court found his guilty plea was made knowingly, intelligently and voluntarily and accepted the same, and appellant was sentenced to three years in prison. Appellant did not directly appeal his conviction. Appellant timely filed a petition for post-conviction relief and one of his arguments was that he was denied effective assistance of counsel. The trial court denied his petition, rejecting his claim of ineffective assistance of counsel and finding that appellant failed to demonstrate appellee was deficient in counseling him or that appellant was prejudiced as a result of appellee's performance as his defense attorney.
 {¶ 4} Appellant timely appealed the denial of his petition for post-conviction relief and this Court affirmed the trial court's decision in State v. Houser, 9th Dist. No. 21555, 2003-Ohio-6811, specifically rejecting appellant's claim that he was denied effective assistance of counsel.
 {¶ 5} Appellant then filed an action against appellee claiming legal malpractice. Appellee filed a motion for summary judgment, and appellant filed a brief in opposition to summary judgment. Months later, appellee filed a supplemental motion for summary judgment and appellant filed a second opposition brief. Upon review of the motions, the trial court granted summary judgment in favor of appellee.
 {¶ 6} Appellant timely appealed, setting forth four assignments of error for review. As it is dispositive of this appeal, this Court will address the fourth assignment of error first.
 I. FOURTH ASSIGNMENT OF ERROR
"Trial court erred as a matter of law and abused its discretion in determining that collateral estoppel barred appellant's malpractice claims[.]"
 {¶ 7} In his fourth assignment of error, appellant argues the trial court erred in determining that collateral estoppel barred his legal malpractice claim against appellee. Specifically, appellant argues that he did not receive a full and fair opportunity to litigate his malpractice claim when he sought post-conviction relief in his criminal case and therefore, collateral estoppel cannot be applicable to the instant case. This Court disagrees.
"Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." Schumacher v. Tabor (Dec. 27, 2000), 9th Dist. No. 20027, citing Thompson v. Wing (1994), 70 Ohio St.3d 176, 183.
 {¶ 8} In Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107, the Ohio Supreme Court stated:
"Collateral estoppel precludes the relitigation of an issue that has been `actually and necessarily litigated and determined in a prior action.' * * * Whether a conviction resulted from a defense attorney's incompetence is an issue which can be raised and determined in a prior criminal action where a claim of `ineffective assistance of counsel' has been made. Thus, collateral estoppel can preclude further litigation on the issue."
 {¶ 9} The Krahn court ultimately held that, in that particular case, the facts prohibited the use of collateral estoppel as a bar to plaintiff's malpractice action. However, the court clearly expressed that, under the appropriate set of facts, an unsuccessful ineffective assistance of counsel action could collaterally estop a plaintiff from asserting legal malpractice in a subsequent civil action against his defense attorney.
 {¶ 10} This Court dealt with this same issue in Salter v.Marco (Feb. 9, 1994), 9th Dist. No. 93CA005582, holding that summary judgment was properly granted in favor of a criminal defense attorney in a legal malpractice action. In Salter, this Court held that collateral estoppel precluded the plaintiff from maintaining a legal malpractice action against his former attorney because he claimed he received ineffective assistance of counsel in his post-conviction relief proceeding. Id. This Court found that in the post-conviction relief action, the parties actually and necessarily litigated the issue of whether the attorney breached his duty of care and whether damages were proximately caused by that breach. Id.
 {¶ 11} To plead a cause of action for attorney malpractice arising from criminal representation a plaintiff must allege "(1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." Id. at 6, quoting Krahn, 43 Ohio St.3d at 107. After review of the record, this Court finds that the second and third requirements to pleading an attorney malpractice action were actually and necessarily litigated during appellant's post-conviction relief action alleging ineffective assistance of counsel.
 {¶ 12} In reviewing appellant's action for post-conviction relief, the trial court discussed thoroughly appellant's allegations of ineffective assistance of counsel and stated the following:
"The issue of ineffective assistance of counsel should be and was properly raised in a petition for post conviction relief in this case. * * * Petitioner claims that his counsel was ineffective, thereby violating his constitutional right to effective assistance of counsel. * * * Petitioner argues that his counsel was ineffective because while functioning as his defense counsel he was also functioning as an assistant prosecuting attorney for Cuyahoga Falls Municipal Court. Petitioner also claims that counsel was previously a victim of a prior burglary causing him bias. Finally, Petitioner questions counsel's review of the case and evaluation of witnesses and evidence. * * * The Court, in the interests of justice, has allowed Petitioner to file his original petition, several supporting affidavits, a nunc pro tunc on at least one of the affidavits, and a supplemental petition."
 {¶ 13} The court then addressed the law applicable to determining whether counsel was ineffective, specifically referencing cases holding a court may disregard self-serving affidavits from a defendant or his family members. The trial court concluded:
"In the instant case, Petitioner has offered affidavits from himself and James Kendell, his step-father, a telephone bill, and his attorney's file. Petitioner has surely not shown that his counsel was deficient, nor that he was prejudiced. Petitioner has also submitted a transcript showing a knowing, voluntary and intelligent plea. The Court hereby denies Petitioner's Post Conviction Relief Motion without hearing."
 {¶ 14} This Court further notes that appellant timely appealed the abovementioned denial of his post-conviction petition to this Court, whereby we also reviewed that record and found that appellant failed to demonstrate his counsel was ineffective or that he was prejudiced by his trial counsel's actions. State v. Houser, 9th Dist. No. 21555, 2003-Ohio-6811. The record clearly demonstrates that appellant's ineffective assistance of counsel claim against appellee was actually and necessarily litigated in appellant's post-conviction relief proceedings, whereby the court determined that appellant was effectively and competently represented by appellee during his criminal case. Appellant is therefore precluded under collateral estoppel from relitigating those issues via a legal malpractice action against appellee. Salter, supra. This Court finds the trial court properly granted summary judgment to appellee in the instant case. Appellant's fourth assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR
"Trial court erred as a matter of law and abused its discretion in granting appellee[']s motion for summary judgment without first considering and ruling on appellant's motion for a continuance made pursuant to civ.r. 56(f)[.]"
 SECOND ASSIGNMENT OF ERROR
"Trial court erred as a matter of law and abused its discretion in judging the credibility of appellant's affidavits when ruling on a motion for summary judgment[.]"
 THIRD ASSIGNMENT OF ERROR
"Trial court erred as a matter of law and abused its discretion in determining that expert testimony was required to demonstrate a breach of defendant's duty owed to appellant concerning a stipulated polygraph agreement and the misappropriation of client funds[.]"
 {¶ 15} Due to this Court's disposition of appellant's fourth assignment of error, we need not reach the merits of the first, second, and third assignments of error, as they are now rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 16} Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J., concur.