DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas that granted appellees' motion for summary judgment. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} In March 2002, appellant retained appellee attorney Michael Portnoy to defend him in a criminal case in Perrysburg Municipal Court (case no. CRB0200399). At his plea hearing on April 2, 2002, appellant pled no contest. Appellant was found guilty of one count of domestic violence. Shortly thereafter, appellant dismissed Portnoy and hired new counsel. Appellant eventually dismissed his second attorney, hired a third and sought postconviction relief through a petition to vacate his plea and sentence. Appellant claimed that Portnoy entered the no-contest plea without his consent and without having ensured that appellant understood the proceedings. In support of his petition, appellant asserted that Portnoy had committed glaring "attorney malfeasance" and a "breach of ethics." On September 14, 2004, the trial court denied appellant's petition and appellant appealed. This court affirmed, finding that there was no indication in the record that appellant misunderstood the proceedings or disagreed when counsel entered the plea on his behalf. State v. Wright, 6th Dist. No. WD-04-070, 2005-Ohio-4171.
 {¶ 3} The civil case before us arises out of Portnoy's representation of appellant in the criminal case. On November 21, 2003, appellant filed a complaint against Portnoy alleging that the attorney breached his duty to appellant and failed to conform to the standard required by law by neglecting to inform him prior to the plea that a conviction for domestic violence would subject him to a federal firearms disability.[1] On November 9, 2004, appellees filed a motion for summary judgment arguing that appellant's claim was barred by the doctrine of collateral estoppel because the issue he raised had been litigated in his attempt to vacate his plea. On July 7, 2006, the trial court granted appellees' motion, finding that appellant had argued ineffective assistance of counsel in the underlying proceedings. The trial court concluded that "the question of whether Attorney Portnoy provided ineffective assistance of counsel is the same question as whether Attorney Portnoy failed to render competent legal services."
 {¶ 4} On appeal, appellant sets forth two assignments of error. Appellant asserts that the trial court erred in finding that the denial of postconviction relief had a "preclusive effect" upon a subsequent civil proceeding and that the trial court erred in granting summary judgment where there remain genuine issues of fact.
 {¶ 5} Collateral estoppel precludes the re-litigation of claims or issues that have been previously litigated in a judicial setting.Fort Frye Teachers Assn. v. S.E.R.B., 102 Ohio St.3d 283,2004-Ohio-2947, ¶ 10, citing Krahn v. Kinney (1989), 43 Ohio St.3d 103,107.
 {¶ 6} In Krahn v. Kinney, id., the Ohio Supreme Court stated: "Collateral estoppel precludes the relitigation of an issue that has been `actually and necessarily litigated and determined in a prior action.' * * * Whether a conviction resulted from a defense attorney's incompetence is an issue which can be raised and determined in a prior criminal action where a claim of `ineffective assistance of counsel' has been made. Thus, collateral estoppel can preclude further litigation on the issue." See, also, Salter v. Marco (Feb. 9, 1994), 9th Dist. No. 93CA005582; Houser v. Pond, 9th Dist. No. 21887, 2004-Ohio-4578;Wilson v. Britz Zemmelman (Jan. 10, 1992), 6th Dist. No. L-91-031.
 {¶ 7} The Krahn court ultimately held that, in that particular case, the facts prohibited the use of collateral estoppel as a bar to plaintiffs malpractice action. However, the court clearly expressed that, under the appropriate set of facts, an unsuccessful ineffective assistance of counsel action could collaterally estop a plaintiff from asserting legal malpractice in a subsequent civil action against his defense attorney. We find that such facts exist in this case.
 {¶ 8} Upon review of the record of proceedings in the trial court and the law, this court finds that the record clearly demonstrates that appellant's ineffective assistance of counsel claim against appellees was actually and necessarily litigated in appellant's postconviction relief proceedings, wherein the trial court determined that appellant was effectively and competently represented by Portnoy. Appellant is therefore precluded under collateral estoppel from relitigating those issues through a legal malpractice action against appellees.Salter, supra. Accordingly, we find the trial court properly granted summary judgment to appellees in the instant case and appellant's first and second assignments of error are not well-taken.
 {¶ 9} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., JUDGE William J. Skow, J., Thomas J. Osowik, J. CONCUR.
[1] Appellant later amended his complaint to add as defendants the law firm for which Portnoy worked in 2002, Pheils — Wisniewski.