DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Ryan L. Clutter, appeals from the judgment of the Summit County Court of Common Pleas denying his petition for post-conviction relief. We affirm.
 I {¶ 2} Clutter was indicted on September 15, 2006, for burglary, menacing by stalking, and trespass. On February 2, 2007, pursuant to a written plea agreement, he pled guilty to *Page 2 
burglary, in violation of R.C. 2911.12(A)(1), and menacing by stalking, in violation of R.C. 2903.211(A). The trial court sentenced him to eight years of imprisonment for these offenses.
 {¶ 3} On September 5, 2006, a search warrant was executed and resulted in the seizure of Clutter's personal computer, three cameras, and two data storage devices. The Bureau of Criminal Identification and Investigation ("BCI") examined those items and found over 2,000 images of child pornography on a storage device. On November 16, 2006, Clutter was charged in a supplemental indictment with multiple counts of pandering sexually oriented matter involving a minor, illegal use of a minor in nudity-oriented material or performance, and breaking and entering. On February 2, 2007, pursuant to his plea agreement, Clutter pled guilty to pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), and illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3). Nonetheless, he rejected an offer to stipulate to a sexual offender classification. The trial court sentenced Clutter to five years of imprisonment for these offenses for a total sentence of 13 years.
 {¶ 4} A sexual classification hearing held on April 11, 2007, resulted in Clutter being classified as a sexual predator.
 {¶ 5} On September 18, 2007, Clutter filed a petition for post-conviction relief. The State moved to dismiss the petition, and Clutter responded in opposition. The trial court denied the petition without a hearing in a January 28, 2008, entry.
 {¶ 6} Clutter timely appealed the trial court's decision and raises one assignment of error for our review.
 II Assignment of Error *Page 3 "THE TRIAL COURT ERRED BY DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT GRANTING APPELLANT AN EVIDENTIARY HEARING TO FULLY CONSIDER THE MERITS OF APPELLANT'S PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 7} In his sole assignment of error, Clutter asserts that the trial court erred by denying his petition for post-conviction relief without granting him an evidentiary hearing to consider his claim of ineffective assistance of counsel. We disagree.
 {¶ 8} This Court reviews a trial court's decision not to hold a hearing on a petition for post-conviction relief for an abuse of discretion. State v. Houser, 9th Dist. No. 21555, 2003-Ohio-6811, at ¶ 12. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} R.C. 2953.21(A)(1)(a) provides as follows:
 "Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
 {¶ 10} In addition, R.C. 2953.21(E) provides:
 "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court."
 {¶ 11} However,
 "A hearing is not automatically required for every petition for post-conviction relief. See State v. Yauger (Oct. 6, 1999), 9th Dist. No. 19392, at *1, citing State v. Jackson (1980), 64 Ohio St.2d 107, 110. The trial court must first find *Page 4 
substantive grounds for relief before a hearing is granted. Jackson, 64 Ohio St.2d at 110. See, also, R.C. 2953.21(C); State v. Calhoun (1999), 86 Ohio St.3d 279, 283, quoting Jackson, 64 Ohio St.2d at syllabus (stating `the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness' before a hearing will be granted. (Emphasis omitted.)); * * * `General conclusory allegations as to counsel's ineffectiveness or broad assertions * * * are inadequate as a matter of law to warrant an evidentiary hearing or support a finding of post[-]conviction relief" State v. Guess (Oct. 8, 1997), 9th Dist. No. 18252, at *2, citing Akron v. Darulis (Mar. 2, 1994), 9th Dist. No. 16420." (Alterations omitted.) Houser at ¶ 15.
 {¶ 12} Upon review of the record, we cannot say that the trial court abused its discretion in denying Clutter's petition without a hearing.
 {¶ 13} In his petition, Clutter alleged that he received ineffective assistance from his trial counsel. A claim of ineffective assistance of counsel requires Clutter to satisfy a two-prong test. First, he must prove that trial counsel's performance was deficient. Strickland v.Washington (1984), 466 U.S. 668, 687. Clutter "must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed [Clutter] by the Sixth Amendment." State v. Srock, 9th Dist. No. 22812, 2006-Ohio-251, at ¶ 20, citing Strickland, 466 U.S. at 687. Second, Clutter must "demonstrate that he was prejudiced by his trial counsel's deficient performance." Srock at ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. Further, this Court need not analyze both prongs of the Strickland test if it finds that Clutter failed to prove either. State v. Ray, 9th Dist. No. 22459,2005-Ohio-4941, at ¶ 10. Finally, Clutter must overcome the strong presumption that licensed attorneys in Ohio are competent. State v.Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 14} In his petition, Clutter contended that he submitted evidence sufficient to establish a prima facie claim of ineffective assistance of counsel. In particular, Clutter claimed that his *Page 5 
trial counsel: (1) met with him only on several brief occasions; (2) only briefly discussed the facts of his case with him; (3) failed to file a motion to suppress evidence obtained from the search of his personal computer; (4) failed to file a motion for severance or for separate trials; (5) led him to believe that he would receive no more than a six year sentence if he accepted the plea agreement; (6) led him to believe that no sexual classification would be required; and (7) advised him to reject the State's offer to stipulate to the lowest sexual offender classification.
 {¶ 15} R.C. 2953.21(C) provides in pertinent part:
 "Before granting a hearing * * *, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."
The court observed that there was no affidavit submitted by Clutter's trial counsel or any other person in support of his petition, other than an affidavit submitted by Clutter himself. Also, there is no transcript of any hearings conducted by the trial court.
 {¶ 16} To support his petition, Clutter submitted his own self-serving affidavit attesting that his attorney: (1) met with him to discuss his case only one or two times for no more than 20 minutes per visit; (2) only briefly discussed the facts, evidence, and legal issues of his case; (3) never discussed the possibility of suppressing his statements or evidence obtained as a result of a search warrant; (4) did not explain the terms of the plea agreement to him until about ten minutes prior to entering his plea and led him to believe that his total sentence would be no more than six years; and (5) led him to believe that a sexual offender designation was not required.
 {¶ 17} Our review of the record comports with the findings of the trial court. In assessing Clutter's credibility, the trial court found that his affidavit relied on general conclusory *Page 6 
allegations as well as statements contradictory to his plea agreement and the entry from his plea hearing. First, the court noted that general conclusory allegations of ineffective assistance of counsel are inadequate as a matter of law to warrant a hearing. See Guess, supra. Further, the court indicated that the affidavit contradicted the entry from Clutter's plea hearing which indicated that Clutter was fully advised of his constitutional rights and of his rights under Crim. R. 11. The affidavit also contradicts the plea hearing entry in that the entry states that Clutter's case was set for a "sexual predator hearing." Clutter neither objected nor asked to withdraw his plea. Moreover, the affidavit contradicts Clutter's written plea agreement in that the agreement is marked "Yes" next to the "Sexual offender" classification and has the word "Stipulation" written beside it. Finally, Clutter's affidavit contradicts the plea agreement in that the agreement contains a written note indicating that the prosecutor and defense would "argue time," and that the State would request a six year sentence.
 {¶ 18} Further, the trial court noted that there is nothing in the record from the jail to support Clutter's allegation that his counsel only had limited visitation with him. There is also no evidence that Clutter asked for new counsel or was in any way dissatisfied with his representation. In addition, nothing in the record suggests that Clutter expressed to the court that he misunderstood his rights or the terms of his plea agreement.
 {¶ 19} The court observed that the only other records that Clutter submitted in support of his petition dealt with the search of his home and the failure of his counsel to file a motion to suppress. The court concluded, therefore, that the evidence, files, and records did not demonstrate sufficient operative facts to establish substantive grounds for relief. We agree with the court's conclusion. Moreover, in reviewing an ineffective assistance claim for failure to file a motion to suppress, this Court recently noted that: *Page 7 
 "Typically, the decision not to file a motion to suppress or other pretrial motion does not constitute ineffective assistance of counsel `when doing so was a tactical decision, there was no reasonable probability of success, or there was no prejudice to the defendant.'" State v. Meyers, 9th Dist. Nos. 23864 23903, 2008-Ohio-2528, at ¶ 67, quoting State v. Nields (2001), 93 Ohio St.3d 6, 34.
The search warrant in the record authorized law enforcement officers to search Clutter's computer equipment and to search for pictures of his stalking victim. While searching image files in Clutter's computer equipment, BCI investigators found pictures portraying child pornography. Clutter contends that the pornographic images went beyond the scope of the search warrant and were therefore inadmissible as evidence. Clutter cites U.S. v. Carey (C.A.10, 1999), 172 F.3d 1268, where the court disallowed the use of images of child pornography as evidence because their discovery went beyond the scope of the authorized search. However, in Carey, the authorized search was limited to searching computer files for information pertaining to drug trafficking and, therefore, entailed a search of "text" files, but not "image" files. Id. at 1272. In Clutter's case, the warrant did not limit the search of the computer equipment to a search for information that would only be found in text files and it specifically authorized searching for pictures of the victim. Therefore, it is reasonable to conclude that the search of image files in Clutter's computer was well within the scope of the authorized search and, to the extent that the pornographic images found did not relate to his victim, the images were in plain view once the files were opened. Clutter argues that the suggestive titles of the image files should have enabled BCI investigators to determine that the files did not contain images of the victim without the investigators actually having to open them. We reject this argument. The contents of the files could only be determined with certainty after they were opened and examined. Although we are unable to determine from the record whether Clutter's attorney made a tactical decision not to file a motion to suppress, we are not persuaded that there would *Page 8 
have been a reasonable probability of success had he filed such a motion. As such, Clutter was not prejudiced.
 {¶ 20} We find no abuse of discretion in the trial court's determination that the record shows that Clutter's petition for post-conviction relief should be denied without a hearing. Accordingly, Clutter's sole assignment of error is overruled.
 III {¶ 21} Clutter's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 9 
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1