DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Bruce Dunlap, appeals from his conviction in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On June 1, 2006, appellant was indicted on one count of burglary in violation of R.C. 2911.12 and one count of assault in violation of R.C. 2903.13. Appellant's indictment arose out of an incident that occurred on April 20, 2006 in the apartment of his then-girlfriend, Debra Fields. Upon returning from a hospital for treatment, Fields called police on that night and reported that she had been *Page 2 
assaulted by appellant. Upon arriving at the scene, officers discovered appellant hiding in a bedroom of the home.
 {¶ 3} The matter proceeded to a jury trial on July 6, 2006. At the conclusion of the matter, the jury found appellant not guilty of burglary and guilty of assault. Thereafter, the trial court sentenced appellant to 180 days in jail and ordered him to pay court costs. Appellant timely appealed his conviction, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I "APPELLANT DUNLAP WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 4} In his first assignment of error, appellant asserts that he received ineffective assistance of counsel in the trial court. Specifically, appellant argues that his counsel was ineffective for failing to obtain and use the results of a lie detector test. This Court disagrees.
 {¶ 5} A claim of ineffective assistance of counsel requires appellant to satisfy a two prong test. First, he must prove that trial counsel's performance was deficient. Strickland v. Washington (1984),466 U.S. 668, 687. Appellant "must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed Appellant by theSixth Amendment." State v. Srock, 9th *Page 3 
Dist. No. 22812, 2006-Ohio-251, at ¶ 20, citing Strickland,466 U.S. at 687. Second, appellant must "demonstrate that he was prejudiced by his trial counsel's deficient performance." Srock at ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. Further, this Court need not analyze both prongs of the Strickland test if we find that appellant failed to prove either. State v. Ray, 9th Dist. No. 22459,2005-Ohio-4941, at ¶ 10. Finally, appellant must overcome the strong presumption that licensed attorneys in Ohio are competent. State v.Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 6} In support of his argument, appellant asserts that his trial counsel failed to obtain and use a lie detector test to enhance his credibility. Upon review, we find no prejudice from this alleged failure by appellant's trial counsel.
 {¶ 7} "The trial court cannot admit the results of a polygraph test into evidence simply at an accused's request." State v. Jamison (1990),49 Ohio St.3d 182, 190. Such results are admissible only if both the prosecution and defense jointly stipulate that an accused will take a polygraph test and that the results will be admissible. State v.Souel (1978), 53 Ohio St.2d 123, syllabus. A review of the record reveals that no stipulation was ever entered into in this matter regarding a polygraph examination. Accordingly, the results of any such examination procured by appellant's trial counsel would not have been admissible. Appellant, *Page 4 
therefore, has failed to satisfy the prejudice prong ofStrickland. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "IN VIOLATION OF DUE PROCESS, THE GUILTY VERDICTS ON THE BUGLERY (sic) AND ASSULT (sic) WERE ENTERED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} In his second assignment of error, appellant argues that his convictions were against the manifest weight of the evidence. This Court disagrees.
 {¶ 9} Initially, we note that appellant's assignment of error references a burglary conviction. Appellant, however, was found not guilty of burglary. Thus, there is no burglary conviction to review.
 {¶ 10} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins (1980), 78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's *Page 5 
resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also,Otten, 33 Ohio App.3d at 340.
 {¶ 11} Appellant was convicted of assault in violation of R.C.2903.13(A) which provides as follows: "No person shall knowingly cause or attempt to cause physical harm to another[.]" Upon review, this Court finds no error in the jury's finding of guilt.
 {¶ 12} The victim, Debra Fields, testified as follows. She and appellant were boyfriend and girlfriend. On April 20, 2006, appellant came to her home with a friend. At that time, Fields' adult daughter, Savanna Davis, was also at the home. Fields went upstairs with appellant. Appellant requested a cigarette from Fields and Fields informed him that she did not have any more cigarettes. Appellant became enraged and attacked Fields. Specifically, Fields testified as follows:
 "He threw me down on the bed. I did have a lit cigarette in my hand, and when he threw me down, I went to get up, and when I went to get up, he grabbed my ankles and threw me down. My head bounced off the floor onto the entertainment center and I went to get up again.
 "My daughter had come upstairs and he was going after her and he picked me up like this so hard that it left an imprint on my chest." *Page 6 
Through Fields, the State also introduced pictures which depicted bruising on Fields' neck and chest and her medical records which depicted the treatment she received on April 20, 2006.
 {¶ 13} Fields' daughter, Savanna Davis, testified as follows. She was at her mother's home on April 20, 2006. Appellant was at the home with one of his friends. Appellant and her mother went upstairs. Davis then heard yelling and several loud noises. She then went up the stairs. Upon arriving upstairs, Davis witnessed the end of the assault, testifying as follows:
 "He grabbed her by her shirt and pulled her and flung her, and I saw her bra snap because he had pulled it so hard; and when she fell, he grabbed her and picked her back up again, and that's when I came in the room and he stopped[.]"
 {¶ 14} Finally, the State introduced the testimony of Officer John Davidson of the Elyria Police Department. Officer Davidson testified that Fields was visibly distraught when he spoke with her and that she had visible red marks on her neck during the interview.
 {¶ 15} In his defense, appellant attempted to demonstrate that Fields and Davis were inconsistent. However, a review of the record indicates that both Fields and Davis were consistent in their testimony regarding the information pertinent to appellant's assault conviction. On appeal, appellant has identified no testimony which supports a finding that either Davis or Fields lacked credibility.
 {¶ 16} Appellant also relied upon his own testimony. In that testimony, appellant denied ever assaulting Fields. He asserted that Fields was angry with *Page 7 
him for not purchasing her crack cocaine. Furthermore, appellant asserted that each of the State's witnesses was lying when he or she testified.
 {¶ 17} Upon review of the evidence, we cannot say that the jury lost its way in convicting appellant. The testimony of Fields and Davis established that appellant assaulted Fields. Photographs demonstrated the injuries inflicted by the assault, and Officer Davidson's testimony supported that Fields was distraught shortly after the attack and still had visible injuries. While appellant denied assaulting Fields, his testimony consisted primarily of attacking the credibility of other witnesses. Moreover, a conviction is not against the manifest weight simply because the jury chose to believe the prosecution testimony. SeeState v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Accordingly, appellant's second assignment of error lacks merit.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT FAILED TO MAKE THE STATUTORY FINDINGS NECESSARY IN ORDER TO IMPOSE A MAXIMUM SNETNECE (sic)."
 {¶ 18} In his final assignment of error, appellant asserts that the trial court erred in imposing a maximum sentence upon him without making the required statutory findings. This Court finds no merit in appellant's assertion.
 {¶ 19} On February 27, 2006, nearly five months before appellant was sentenced, the Ohio Supreme Court decided State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and held that Ohio's sentencing structure was unconstitutional to *Page 8 
the extent that it required judicial fact finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend theSixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See Id.;State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19.
 {¶ 20} "As a result of the remedy chosen by the Foster Court, appellant may not premise error based upon the failure of the trial court to make the findings previously required by statute." State v.Barry, 9th Dist. No. 05CA0072-M, 2006-Ohio-2275, at ¶ 5, citingDudukovich at ¶ 20. Accordingly, appellant's third assignment of error is overruled.
 III. {¶ 21} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 9 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 1