DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Rafael Deitz has appealed from his convictions and sentence in the Lorain County Court of Common Pleas. This Court affirms.
 I {¶ 2} On May 21, 1996, Appellant was indicted on the following counts: five counts of aggravated trafficking in drugs in violation of R.C.2925.03; three counts of trafficking in marijuana in violation of R.C.2925.03; one count of complicity to traffic in marijuana in violation of R.C. 2925.03; one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32; and one count of drug abuse in violation of R.C. 2925.11. On February 11, 1997, *Page 2 
Appellant pled guilty to the counts in the indictment and was sentenced to twenty-two years to life in prison.
 {¶ 3} Following his guilty plea, Appellant filed numerous pleadings at every level of the State judicial system and filed a habeas corpus action in federal court. Ultimately, the federal court remanded the matter back to the trial court. See Deitz v. Money (C.A.6, 2004), 391 F.3d 804. In September 2005, the trial court permitted Appellant to withdraw his guilty plea. On January 23, 2006, the matter proceeded to a jury trial. At the conclusion of the trial, Appellant was convicted of each count in the indictment. Thereafter, Appellant was sentenced to twenty-two years to life in prison. Appellant has timely appealed his convictions, raising three assignments of error for review.
 II Assignment of Error Number One "APPELLANT DEITZ WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 4} In his first assignment of error, Appellant has argued that he received ineffective assistance of counsel. Specifically, Appellant has alleged that his counsel erred when he failed to object to improper questioning by the State and that his counsel erred when he failed to request an interpreter. This Court disagrees. *Page 3 
 {¶ 5} A claim of ineffective assistance of counsel requires appellant to satisfy a two prong test. First, he must prove that trial counsel's performance was deficient. Strickland v. Washington (1984),466 U.S. 668, 687. Appellant "must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed Appellant by theSixth Amendment." State v. Srock, 9th Dist. No. 22812, 2006-Ohio-251, at ¶ 20, citing Strickland, 466 U.S. at 687. Second, Appellant must "demonstrate that he was prejudiced by his trial counsel's deficient performance." Srock at ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. Further, this Court need not analyze both prongs of the Strickland test if we find that appellant failed to prove either. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10. Finally, Appellant must overcome the strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 6} In his argument, Appellant has failed to identify any legal citation that supports his assertion that his counsel fell below an objective standard. After reciting this Court's standard of review, Appellant's assignment of error contains no legal citations, in contravention of his duties under App.R. 16(A). Moreover, a review of the record by this Court reveals no errors by Appellant's trial counsel. *Page 4 
 {¶ 7} Appellant has first asserted that his counsel failed to object when the State used privileged information against him. "The attorney-client privilege is not an absolute privilege, and it applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice." (Quotations omitted.)Harpster v. Advanced Elastomer Sys., L.P., 9th Dist. No. 22684,2005-Ohio-6919, at ¶ 23. Appellant has failed to provide any authority to support that any privileged statements were used against him.
 {¶ 8} A review of the record reveals that during a pretrial hearing, the State was questioning a detective about the quantity of drugs delivered by Appellant. Prior to the detective answering the question posed by the State, Appellant responded aloud with the weight of the drugs. There is no question that this statement was made in open court and was stated loudly enough that those in the courtroom heard the response. There is nothing in the record to suggest that this statement was made by Appellant to his counsel for legal advice. Rather, the statement was uttered in open court and this Court can find no rationale for deeming it privileged.
 {¶ 9} We also note that Appellant's trial counsel filed a motion to suppress this statement which was denied by the trial court. Appellant has not asserted error on appeal with respect to the trial court's denial of that motion to suppress. Accordingly, it is unclear to this Court what further action Appellant's trial *Page 5 
counsel could have taken in the trial court on this issue. Accordingly, Appellant has not demonstrated that his counsel was deficient as it relates to this statement.
 {¶ 10} Appellant has also asserted that the State invaded attorney-client privilege when it inquired whether Appellant's counsel had been provided discovery. We disagree.
 {¶ 11} During his cross-examination, Appellant repeatedly stated that he could not remember certain facts and that he did not have the opportunity to review the audio tapes at issue. The State then inquired as to whether those tapes had been provided to Appellant's counsel and Appellant admitted that his counsel had been provided the tapes. Nothing about this exchange even approaches an infringement of the attorney-client privilege. No communications of any kind were inquired into by the State. As such, Appellant's counsel was not deficient for failing to object to this line of questioning.
 {¶ 12} Finally, Appellant has suggested that his counsel was ineffective for failing to request an interpreter. The record does not support this assertion. Appellant testified on his own behalf and was cross-examined at length by the State. In over 150 pages of transcripts, Appellant never asserted that he did not understand the English language. Contrast State v. Pina (1975), 49 Ohio App.2d 394 (finding evidence in the record that the defendant could not speak English). Moreover, Appellant's lengthy, detailed responses demonstrated that he has a firm grasp on the English language. *Page 6 
 {¶ 13} Accordingly, we find no deficiency in the any of the actions and/or inactions of Appellant's trial counsel. Appellant's first assignment of error, therefore, lacks merit.
 Assignment of Error Number Two "IN VIOLATION OF DUE PROCESS, THE GUILTY VERDICTS ON THE BUGLERY (sic) AND ASSULT (sic) WERE ENTERED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} In his second assignment of error, Appellant has asserted that his convictions were against the manifest weight of the evidence. This Court disagrees.
 {¶ 15} Initially, we note that the language of Appellant's second assignment of error is not related to the case at hand. Rather, it appears that Appellant's counsel has borrowed this assignment of error, including its spelling errors, from State v. Dunlap, 9th Dist. No. 06CA008986. However, this is not the only shortcoming in Appellant's second assignment of error.
 {¶ 16} An appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. Pursuant to App.R. 16(A), an appellant's brief shall include the following:
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the *Page 7 
authorities, statutes, and parts of the record on which appellant relies." (Emphasis added.)
This Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. See App.R. 12(A)(2); Loc.R. 7(F).
 {¶ 17} Appellant's trial transcripts are more than 1,000 pages in length. Moreover, Appellant was convicted of eleven different counts and sentenced to twenty-two years to life in prison. In this second assignment of error, however, Appellant's counsel cited to a portion of the transcript on only one occasion. This sole citation referenced Appellant's admission to transporting one kilogram of cocaine into Lorain County.[1] The remainder of Appellant's assignment of error has several purported citations to the record which read: "See Tr., generally."
 {¶ 18} Moreover, despite arguing that ten of Appellant's eleven convictions are against the manifest weight of the evidence, Appellant's counsel has failed to list and analyze the elements of those convictions. Furthermore, Appellant's counsel has offered no legal authority to support any of the arguments contained in the second assignment. Accordingly, the brief filed by Appellant's counsel can only be described as woefully deficient under the appellate rules.
 {¶ 19} Notwithstanding Appellant's counsel's abandonment of the critical analysis required to support this appeal, in the interest of justice this Court has *Page 8 
fully reviewed the record. Upon review, we have found that Appellant has suffered no prejudice from the deficiencies of his appellate counsel.
 {¶ 20} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins (1980), 78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 21} Appellant was convicted of a total of eight counts of trafficking in drugs, including five first degree felonies for aggravated drug trafficking. See R.C. 2925.03. R.C. 2925.03(A)(1) provides that "[n]o person shall knowingly * * * *Page 9 
[s]ell or offer to sell a controlled substance." In addition, Appellant was convicted of one count of complicity to traffic drugs in violation of the above statute. Appellant was also convicted of one count of drug abuse in violation of R.C. 2925.11(A) which provides as follows: "No person shall knowingly * * * use a controlled substance." Finally, Appellant was convicted of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) which provides that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity[.]"
 {¶ 22} The evidence below was both voluminous and straightforward. Through Detective James Lynsky, the State introduced more than one hundred phone calls between Appellant and the State's confidential informant, Thomas Berrill. Appellant does not dispute that these phone calls demonstrate that he repeatedly offered to sell drugs to the man he knew as "Tomas." These tapes also indicate only one deal was completed because of numerous problems, primarily with transporting the drugs. As noted above, however, R.C. 2925.03(A)(1) only requires an "offer to sell" to support Appellant's convictions for trafficking in drugs. Moreover, the tapes also demonstrated that Appellant successfully transported a kilogram of cocaine to Lorain County and used the cocaine in the presence of the confidential informant. *Page 10 
 {¶ 23} Detective Lynsky also testified as follows. The tapes demonstrated that Appellant had a strong understanding of each of the facets of drug dealing. Appellant was aware of the costs associated with drugs and how those costs fluctuated in different cities in the United States. Furthermore, Appellant was familiar with the code language used by drug dealers and used that slang during conversations with the confidential informant. Finally, Appellant used a method commonly employed by those smuggling drugs to evade detection. Specifically, when transporting the kilogram of cocaine, Appellant wrapped the drugs in dryer sheets in an attempt to avoid detection by police canine units.
 {¶ 24} In addition, the State relied upon the testimony of its confidential informant, Thomas Berrill. Berrill testified at length about the conversations he had with Appellant. These conversations were all verified by the tapes introduced by the State. During these conversations, Appellant repeatedly offered to sell Berrill marijuana and cocaine in large quantities. When each of these deals failed, Appellant quickly offered an excuse and then promptly began to negotiate anew with Berrill. Appellant also informed Berrill that he was a member of the Mexican Judicial Police, had been promoted to Internal Affairs in that organization, and as a result had access to the drugs seized by that organization.
 {¶ 25} In his defense, Appellant relied upon his own testimony. During his testimony, Appellant admitted that he repeatedly offered to sell large quantities of drugs to Berrill. Appellant also admitted to smuggling one kilogram of cocaine to *Page 11 
Berrill and admitted using the cocaine in Berrill's presence. Appellant, however, asserted that the hundreds of recorded phone conversations were all lies. He testified at length that he was scared of the drug dealers in Tijuana where he lived, including Berrill. As a result, he continued to lie to Berrill in an effort to impress him.
 {¶ 26} Appellant's testimony, however, is contradicted by an overwhelming amount of evidence. Moreover, Appellant's actions directly contradict his statements. While Appellant asserted that he was only an owner of two souvenir shops, he displayed an extensive knowledge of the drug trade. Furthermore, while Appellant repeatedly asserted that he was scared of Berrill, Appellant often initiated contact with Berrill. When several months would pass without contact from Berrill, Appellant would actively seek out Berrill and then attempt to negotiate further drug deals. During one conversation with Berrill, Appellant referenced killing one of the local drug dealers in the area, a man known as Johnny or Blondie, stating that Johnny would "swim with the dolphins." Finally, while Appellant denied ever being involved with the Mexican Police, even his wife spoke of his involvement with the organization during taped conversations.
 {¶ 27} Accordingly, the jury had before it evidence that Appellant repeatedly offered to sell large quantities of drugs to the State's confidential informant. The jury also had before it the testimony of Appellant, an admitted liar. This Court, therefore, cannot say that the jury clearly lost its way in believing *Page 12 
the evidence presented by the State. See State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three "THE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY ON ENTRAPMENT WHEN THE GOVERNMENT'S INFORMANT INDUCED APPELLANT DEITZ TO TRAVEL TO LORAIN COUNTY AND PARTICIPATE IN A DRUG TRANSACTION."
 {¶ 28} In his final assignment of error, Appellant has asserted that the trial court erred when it failed to instruct the jury on entrapment. This Court disagrees.
 {¶ 29} "Entrapment is an affirmative defense under R.C. 2901.05(C)(2)." State v. Doran (1983), 5 Ohio St.3d 187, paragraph two of the syllabus. The decision of whether or not to give a jury instruction on an affirmative defense is reviewed for an abuse of discretion. See State v. Getsy, 84 Ohio St.3d 180, 198. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Specifically,
 "In order for the defendant to successfully raise an affirmative defense, evidence of a nature and quality sufficient to raise the issue must be introduced, from whatever source the evidence may come. Evidence is sufficient where a reasonable doubt of guilt has arisen based upon a claim of the defense. However, if the evidence generates only a mere speculation or possible doubt, such evidence is insufficient to raise the affirmative defense, and submission of the issue to the jury will be unwarranted. Thus, we must find that the evidence produced at trial raised a reasonable unlikelihood of guilt, not merely speculation or possibility." (Internal citations, quotations, and alterations omitted.) State v. Klema, 9th Dist. No. 05CA0056-M, 2006-Ohio-2687, at ¶ 6. *Page 13 
 {¶ 30} "To successfully assert the criminal defense of entrapment, the defendant must show, by a preponderance of the evidence, that the criminal design originated with government officials and such officials implanted the disposition to commit the alleged offense in the mind of an innocent person." State v. Charlton, 9th Dist. Nos. 02CA008048 
02CA008049, 2003-Ohio-2631, at ¶ 22, reversed on other grounds,101 Ohio St.3d 206, 2004-Ohio-715, citing State v. Doran (1983),5 Ohio St.3d 187, paragraph one of the syllabus. "The primary consideration in any determination of entrapment is the defendant's predisposition to commit the crime." State v. Illus (May 30, 1984), 9th Dist. No. 1289, at *1, quoting State v. Johnson (1982), 4 Ohio App.3d 308, 310.
 {¶ 31} The following factors, while not an exhaustive list, are relevant to the issue of predisposition for the purposes of entrapment:
 "(1) the accused's previous involvement in criminal activity of the nature charged, (2) the accused's ready acquiescence to the inducements offered by the police, (3) the accused's expert knowledge in the area of the criminal activity charged, (4) the accused's ready access to contraband, and (5) the accused's willingness to involve himself in criminal activity." Charlton at ¶ 22, quoting Doran, 5 Ohio St.3d at 192.
Further, "[entrapment does not exist where the accused was predisposed to commit the offense and the police `merely afford * * * opportunities for the commission of the offense.'" State v. Esposito (Dec. 30, 1994), 9th Dist. No. 2337-M, at *4, quoting Sherman v. United States (1985),356 U.S. 369, 372. *Page 14 
 {¶ 32} In other words, when the defendant is ready and willing to break the law, the fact that a government agent provides what appears to be a favorable opportunity to do so is not entrapment as a matter of law. Charlton at ¶ 22, citing State v. Powers (June 29, 1994), 9th Dist. No. 2285-M. When determining whether entrapment has been proven, "a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." Illus at *1, quoting Johnson,4 Ohio App.3d at 310.
 {¶ 33} Herein, there is substantial evidence that Appellant was predisposed to commit the offenses at issue. Appellant admitted that prior to the time Berrill became a confidential informant, the two often spoke about the drug trade. Further, Appellant openly discussed the drug trade with Berrill almost immediately upon being contacted. SeeCharlton at ¶ 22. As discussed above, Appellant also demonstrated substantial knowledge of the drug trade. See Id. . Appellant was also able to access cocaine to transport to Berrill and repeatedly asserted that he had access to sizable quantities of drugs. See Id. Finally, Appellant demonstrated a willingness to engage in criminal activity. At times when Berrill stopped calling Appellant, Appellant actively sought contact with Berrill to engage in further negotiations of drug deals. Furthermore, Appellant traveled from Tijuana, Mexico to Lorain County with a kilogram of cocaine to deliver to Berrill in the hope of furthering the business relationship between the two. *Page 15 
 {¶ 34} Accordingly, we find no abuse of discretion in the trial court's refusal to instruct the jury on entrapment. Appellant did not raise a likelihood of success on the affirmative defense. Rather, the evidence introduced demonstrated that Appellant was predisposed to committing the criminal acts for which he was convicted. Appellant's third assignment of error lacks merit.
 III {¶ 35} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 16 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
FOR THE COURT
SLABY, P. J.
CARR, J.
CONCUR
[1] As a result of this admission, Appellant does not appear to have challenged his conviction for drug abuse. *Page 1