[Cite as *In re A.G.*, 2012-Ohio-1621.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: A.G.
     N.W.

C.A. No.     26092

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 09-06-0530
                  DN 10-02-0084

DECISION AND JOURNAL ENTRY

Dated: April 11, 2012

WHITMORE, Presiding Judge.

{¶1} Appellant, Sara K. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, which awarded legal custody of her minor children to their maternal aunt and uncle. This Court affirms.

I

{¶2} On March 31, 2009, Mother returned from North Carolina with her five month old child, A.G., to live with her parents. Sometime around May 2009, Summit County Children Services ("SCCS") was contacted by a North Carolina Children Services Agency and asked to conduct a courtesy interview of Mother in order to assess the risk to and safety of A.G. Mother was uncooperative with SCCS and denied SCCS access to the home.

{¶3} SCCS returned to Mother's residence in late June 2009, after receiving a referral expressing concerns about the environment in which A.G. was living. Mother was uncooperative and aggressive towards the social worker. Akron Police were called to the scene.

SCCS was able to enter the home with the permission of the maternal grandmother. SCCS found the home to be extremely cluttered, with a strong smell of urine and dog feces on the floor.

{¶4} After some discussion, A.G. was sent to spend the night with her maternal aunt and uncle. SCCS then worked to develop a safety plan with Mother, but Mother remained uncooperative. The following day, SCCS filed for emergency temporary custody, placed A.G. with the maternal aunt and uncle, and developed a case plan for Mother. The court subsequently found A.G. to be a neglected and dependent child.

{¶5} Mother's case plan had three objectives; (1) "to complete a mental health evaluation and follow all recommendations for treatment"; (2) "to complete intensive parenting education"; and (3) "to obtain/maintain stable, safe, appropriate housing with adequate hygiene standards."

{¶6} Mother completed a mental health evaluation with Summit Psychological Associates, Inc. in December 2009. Mother was diagnosed with adjustment disorder with depression, borderline personality disorder with narcissistic features, antisocial personality disorder, and borderline intellectual functioning. The evaluation recommended Mother receive individual mental health counseling, complete an intensive anger management program, complete a comprehensive parenting education, complete a psychiatric evaluation, and follow through with all medication prescribed. Mother completed an anger management program and attended some counseling sessions at Portage Path. In addition, Mother completed parenting education through Greenleaf. SCCS maintained that this training did not satisfy the case plan requirement. Mother refused to attend any additional parenting classes.

{¶7} Mother gave birth to N.W. in January 2010. N.W. was immediately placed with A.G. in the home of her maternal aunt and uncle and added to Mother's case plan. A.G. and

N.W. remained in the home of their maternal aunt and uncle, under temporary custody of SCCS, until the legal custody hearing on March 4, 2011.

{¶8} On January 7, 2011, Mother married her new husband who resides with his parents in Brunswick, Ohio. Mother moved in with her new husband and his parents.

{¶9} On March 4, 2011, the court held a legal custody hearing. Legal custody of both children was sought by Mother, their maternal grandparents, and their maternal aunt and uncle. Legal custody of A.G. was also sought by A.G.'s father and her paternal grandparents. The court found that it was in the best interest of the children to remain with their maternal aunt and uncle, and granted them legal custody.

{¶10} Mother filed a timely appeal. In lieu of a merit brief, Mother's appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which counsel asserts that there are no meritorious issues to raise on Mother's behalf. Counsel has moved this Court to accept the *Anders* brief in lieu of a merit brief and to permit her to withdraw from the case.

{¶11} In her *Anders* brief, Mother's counsel has presented three possible issues for review.

II

Possible Issue For Review Number One

THE TRIAL COURT ERRED IN FINDING THAT LEGAL CUSTODY TO THE MATERNAL UNCLE AND AUNT WAS SUPPORTED BY A PREPONDERANCE OF THE EIDENCE (sic) AND IN THE CHILDREN'S BEST INTEREST[.]

{¶12} In the first possible issue for review, Mother's counsel concludes that "Mother did not offer more convincing evidence to support her * * * request for legal custody * * *, than the

agency presented to support its Motion for legal custody to the maternal uncle and aunt." We agree.

**{¶13}** "This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. In so doing, we consider the trial court's action with reference to the nature of the underlying matter." (Internal quotations and citations omitted.) *Oberlin v. Oberlin*, 9th Dist. No. 25864, 2011-Ohio-6245, ¶ 7. "A trial court retains broad discretion in child custody matters, and this Court will only reverse the trial court upon a showing of an abuse of discretion." *In re M.B.*, 9th Dist. No. 26004, 2012-Ohio-687, ¶ 10, citing *Lorence v. Goeller,* 9th Dist. No. 04CA008556, 2005-Ohio-2678, ¶ 14. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

> Although the statutory scheme regarding an award of legal custody does not include a specific test or set of criteria, this Court has previously held that the trial court must base such a decision on the best interest of the child. *In re S.J.*, 9th Dist. No. 23199, 2006-Ohio-6381, ¶ 32, citing *In re N.P.*, 9th Dist. No. 21707, 2004-Ohio-110, ¶ 23. Consequently, "[i]n legal custody cases, trial courts should consider all factors relevant to the best interest of the child." *In re S.J.* at ¶ 34. We have also noted that the factors contained in R.C. 2151.414(D) may provide guidance to the trial court in making an award of legal custody. *Id.* at ¶ 32. Those factors include:
>
> "The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
>
> The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
>
> The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *; [and]
>
> The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency[.]" R.C. 2151.414(D)[(1)(a-d)].

*In re R.R.*, 9th Dist. No. 23641, 2007-Ohio-4808, ¶ 12.

{¶14} In her brief, Mother's counsel refers this Court to R.C. 3109.04(F)(1) for factors to consider in determining the best interest of the children. While R.C. 3109.04(F)(1) applies to the "allocation of parental rights in a domestic relations case[,]" these factors may also be considered in legal custody cases. *In re J.D.*, 9th Dist. No. 24915, 2010-Ohio-1344, ¶ 7. Trial courts should consider all factors relevant to the best interest of the child. *In re S.J.* at ¶ 34.

{¶15} SCCS became involved in June 2009, when A.G. was approximately eight months old. At the time of the legal custody hearing, A.G. had been living with the maternal aunt and uncle for just under two years. N.W. has been living with the maternal aunt and uncle since birth. At the time of the trial, N.W. was just over one year old.

{¶16} There is no indication in the record of concerns for the children in the home of the maternal aunt and uncle. The maternal aunt and uncle are willing and able to provide a permanent home for the children. There is no dispute that the children are doing well in the home and have bonded with the aunt and uncle's two older children. The uncle testified that A.G. and N.W. are doing great and have "thrive[d]" since coming to live with his family. The uncle described the bonding between his two biological children, A.G., and N.W. He described the household as "one family unit." Moreover, the uncle testified that both he and his wife are willing to facilitate visits with all parties involved and understood that legal custody does not terminate Mother's parental rights.

{¶17} Mother argues that she wants custody of her children because she knows she "can provide for them and * * * can actually take care of them." However, there is concern about Mother's stability and her ability to provide for the children. Mother is unemployed and does

not have a driver's license or a steady mode of transportation. Mother is currently residing with her new husband in the home of her in-laws.

{¶18} There was testimony that Mother had not fully complied with her case plan, and continued concerns about Mother's mental health. Mother testified that she did comply with all of the objectives in her case plan and disputes that her mental health is a concern. "[T]he dispositive issue is not whether the parent has substantially complied with the case plan, but rather, whether the parent has substantially remedied the conditions that caused the child's removal." *In re Pittman*, 9th Dist. No. 20894, 2002-Ohio-2208, ¶ 60. The magistrate found it "clear from the testimony that * * * [M]other has not adequately addressed the issues which brought these children before the court." The trial court agreed with the magistrate's decision. After reviewing the record, this Court cannot say that the trial court abused its discretion in reaching that determination.

{¶19} The trial court did not abuse its discretion in granting legal custody to the maternal aunt and uncle. Mother's first possible issue for review is without merit.

Possible Issue For Review Number Two

> THE TRIAL COURT ERRED IN PLACING THE CHILDREN INTO THE LEGAL CUSTODY OF THE MATERNAL UNCLE AND AUNT, RATHER THAN WITH MOTHER OR MATERNAL GRANDPARENTS[.]

{¶20} In the second possible issue for review, Mother's counsel concludes that Mother cannot successfully challenge the trial court's decision to grant legal custody to the maternal aunt and uncle. We agree.

{¶21} Mother filed a motion requesting that legal custody be granted to her, the maternal grandparents, or the maternal aunt and uncle. Assuming without deciding that Mother has standing to challenge the denial of legal custody to the maternal grandparents, we conclude that

the trial court did not abuse its discretion in granting legal custody to the maternal aunt and uncle.

{¶22} Grandmother testified that she had not discussed obtaining custody of the children with her husband. The record also indicates that the grandparents have had little interaction with the children since their removal. The grandparents have not visited the children at the home of the aunt and uncle, nor has Grandfather visited the children at CSB. Grandmother had visited with the children at CSB, but testified that she had not been for a visit in a couple of months. Further, the grandparents testified that they believed Mother was currently in the position to take care of the children. The guardian ad litem recommended that the maternal grandparents have supervised visits because she was concerned that the grandparents would not supervise Mother's visits with the children. After reviewing the record, we cannot conclude that the trial court abused its discretion in granting legal custody to the maternal aunt and uncle.

{¶23} Mother cannot prevail on an argument that the trial court erred in its decision not to grant her legal custody. As discussed in the section above, the trial court found that granting legal custody to the maternal aunt and uncle was in the best interest of the children. The trial court did not abuse its discretion when it made this finding.

{¶24} Mother's second possible issue for review is without merit.

<u>Possible Issue For Review Number Three</u>

TRIAL COUNSEL DID NOT PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL[.]

{¶25} In the third possible issue for review, Mother's counsel concludes that Mother's trial counsel was not ineffective. We agree.

{¶26} A claim of ineffective assistance of counsel requires Mother to satisfy a two-prong test. First, she must prove that trial counsel's performance was deficient. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). Second, Mother must "demonstrate that [s]he was prejudiced by h[er] trial counsel's deficient performance." *State v. Srock*, 9th Dist. No. 22812, 2006-Ohio-251, ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶27} After reviewing the record, we cannot conclude that trial counsel's performance was deficient. Trial counsel diligently represented Mother in her pursuit to regain custody of her children. Mother's third possible issue for review is without merit.

{¶28} In addition to the three possible issues presented for review, this Court has conducted a full, independent examination of the proceedings in accordance with *Anders v. California*, 386 U.S. 738 (1967). We conclude that there are no appealable issues in this case. Mother's appeal is without merit and frivolous under *Anders.*

III

{¶29} After a thorough review of the record, we agree that Mother's appeal is without merit and frivolous. Appellate counsel's motion to withdraw is granted, and the judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

BETH WHITMORE
FOR THE COURT

 

BELFANCE, J.
CONCURS.

DICKINSON, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

LEE A. SCHAFFER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.